General Ernest L. **DIXON**, Plaintiff,

v.

Detective L.R. **NISLEY**, Defendant.

**Civ. A. No. 2:93CV694.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 5, 1994.

---

Ernest L. Dixon, pro se.

Richard D. Caplan, Office of the City Atty., City of Hampton, Hampton, VA, for defendant.

## OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and for sanctions. For the reasons set forth below, the court GRANTS defendant's motion to dismiss and motion for sanctions; DISMISSES plaintiff's complaint; and ORDERS plaintiff to show cause why further actions should not be subject to pre-filing review.

### I. Procedural History

On July 1, 1993, plaintiff filed the complaint in this action. On July 27, 1993, the court received defendant's motions to dismiss and for sanctions. Accompanying these motions were affidavits and exhibits. On August 20, 1993, the plaintiff submitted a brief in response to these motions. On September 21, 1993, the court ruled that the motion to dismiss would be treated as a motion for summary judgment and gave the plaintiff a chance to respond with any materials he wished, including affidavits. On September 27, 1993, the court stayed two other cases filed by plaintiff involving the same set of facts. Plaintiff subsequently submitted another brief in this action. Defendant's motions are now ripe for decision.

### II. Analysis

A. No federal question jurisdiction

This court has "federal question" subject matter jurisdiction, that is, jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For purposes of 28 U.S.C. § 1331, a district court has jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855–2856, 77 L.Ed.2d 420 (1983).

Plaintiff's complaint alleges that defendant is in possession of stolen property. Plaintiff

alleges that defendant, a Hampton, Virginia police detective, possesses plaintiff's stolen civil service check(s), stolen civil service records, stolen records relating to bonds purchased by the plaintiff, and stolen Secret Service Agent Retiree Medically [sic] Identification Card. His later briefs discuss the fraudulent actions of defendant in depriving plaintiff of his property without due process of law and the perjury that defendant has committed by filing allegedly false affidavits with this court.

■ In determining whether the court has jurisdiction of plaintiff's complaint under 28 U.S.C. § 1331, the "test is whether 'the cause of action alleged is so patently without merit as to justify ... the court's dismissal for want of jurisdiction.'" *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 70, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978) (citations and emphasis omitted). Another test is whether the right allegedly infringed is so far "foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy...." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974).

■ Even liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), as resting on 42 U.S.C. § 1983 and the Due Process and Takings Clauses, plaintiff's *pro se* complaint patently fails to state a claim upon which relief can be granted. In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.* at 533, 104 S.Ct. at 3204. The Court in *Hudson* further affirmed the lower courts' holdings that "the Commonwealth of Virginia provides ... an adequate post-deprivation remedy for the alleged [deprivation] of ... property ...

[by way of] several common-law remedies [that] would provide adequate compensation for ... property loss." *Id.* at 534–35, 104 S.Ct. at 3204. Moreover, the Supreme Court long ago ruled that the Fifth Amendment prohibition against the taking of private property for public use without just compensation applies only to the federal government. *Fallbrook Irrigation Dist. v. Bradley*, 164 U.S. 112, 158, 17 S.Ct. 56, 63, 41 L.Ed. 369 (1896). Plaintiff's federal cause of action, predicated on a state official's maverick tortious activity in Virginia, thus clearly lacks even arguable legal merit.

Plaintiff's complaint therefore does not give rise to federal question subject matter jurisdiction. Federal law does not create plaintiff's cause of action. Plaintiff's right to relief does not necessarily depend on the resolution of a substantial question of federal law. *Franchise Tax Bd.*, 463 U.S. at 27–28, 103 S.Ct. at 2855.

### B. No diversity jurisdiction

■ This court has "diversity of citizenship" subject matter jurisdiction, that is, jurisdiction over civil matters "where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... citizens of different States...." 28 U.S.C. § 1332(a)(1). On the very face of his complaint, plaintiff lists his address as "PO Box 116, Hampton, Virginia 23669." Compl. at 1. Defendant's uncontroverted affidavit shows that the defendant is and has been at all material times a Virginia resident. Nisley Aff. ¶ 6. Defendant's affidavit also shows that plaintiff is a Virginia resident. Nisley Aff. ¶ 7. The court thus lacks diversity of citizenship subject matter jurisdiction over plaintiff's action, as both plaintiff and defendant are residents of the same state.[1]

### C. Sanctions imposed

This is the ninth complaint filed by this plaintiff in this court in the last three years, most involving the same set of facts. In February 1993, the plaintiff first sued Detec-

---

**1.** The court further notes that the complaint fails to meet the requirements of Federal Rule of Civil Procedure 8(a)(3) that plaintiff demand judgment for the relief he seeks. This failure prevents

plaintiff from clearing even the first hurdle under 28 U.S.C. § 1332(a), the requirement that the matter in controversy exceed the sum or value of $50,000.

tive Nisley on the exact same facts as alleged in this case in this court (Case number 2:93cv76). After the case was dismissed in this court for lack of jurisdiction, the plaintiff refiled in state court. On the day of trial, he voluntarily dismissed the case. O'Shields Aff. ¶ 6. Next, he filed the complaint in the case at hand. Since that time, he has filed two more complaints on the same basis, one against this defendant (2:93cv911) and one against this defendant's attorney (2:93cv912).[2] The plaintiff has also sued the Veteran's Administration (2:91cv880); the Raddisson Hotel (2:92cv18); and various other individuals (2:92cv163, 2:92cv407, and 2:92cv406). All were summarily dismissed.

 The defendant has moved for sanctions to be imposed on the plaintiff in light of his previous history of repetitive filings. The court finds that these continued filings have no basis in fact and serve no purpose other than to harass the defendant and take up the court's time. Therefore, the court ORDERS plaintiff, within eleven (11) days, to show cause to this court why a system of pre-filing review should not be instituted in any further actions filed by him. Such a system would require that any complaint submitted by this plaintiff be reviewed by a judge of this court. If the court determines that the complaint or petition has been filed in good faith, and is not frivolous, it shall be filed in accordance with the rules of this court for filing such complaints. If the court determines that the complaint or petition is frivolous, it shall so state and return the complaint to Mr. Dixon unfiled. Such systems of pre-filing review are well within a court's power to protect itself from vexatious litigation. *See Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986); *Safir v. United States Lines, Inc.,* 792 F.2d 19 (2d Cir.1986); *In re Green,* 669 F.2d 779 (D.C.Cir.1981)[3].

### III. Conclusion

The court has no jurisdiction over the subject matter of this action. Accordingly, the court GRANTS defendant's motion to dismiss and DISMISSES plaintiff's complaint.

The court further GRANTS defendant's motion for sanctions and orders plaintiff to show cause why any further complaints received from him should not be subject to pre-filing review. The stay issued on September 27, 1993, shall remain in effect with respect to this plaintiff until such time as the pre-filing review issue is resolved.

Plaintiff is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice of appeal must be received by the Clerk within thirty (30) days of the date of this Opinion and Final Order.

It is so ORDERED.

---

2. By order of this court dated September 27, 1993, those two cases were ordered stayed pending resolution of this case.

3. The Fourth Circuit has also recognized, in unpublished opinions, the validity of this sanction. *See, e.g., Robinson v. Marion,* 879 F.2d 863 (4th Cir.) (unpublished disposition).